UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN MAURICE RHODES,<br>    Plaintiff,<br>  v.<br>SAM OHTA, et al.,<br>    Defendants. | Case No. 16-cv-06805-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 6, 7 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff presents many allegations of mistreatment and violations of his rights by correctional officers, prison officials and attorneys at two prisons over the course of several years

Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief...."  Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them."  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991)).  *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir.1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.)  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

2

Moreover, "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).

The amended complaint is 60 hand written pages and names 58 defendants. Plaintiff presents allegations concerning events at two different prisons over the course of several years. He also names as defendants several attorneys, including two deputy attorney generals who litigated his previous cases and a superior court judge. Plaintiff alleges that all defendants are engaged in a multi-district racketeering conspiracy to retaliate against plaintiff for the filing of a prior federal civil rights lawsuit. He also raises claims of excessive force, confiscation of mail, confiscation of personal and legal property, denial of access to the courts and violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act.

The majority of plaintiff's allegations concern conduct that occurred at Kern Valley State Prison, which lies in the Eastern District of California. Plaintiff presents allegations that occurred between February 1, 2014 and August 30, 2016 at Kern Valley State Prison that were committed by more than 30 defendants who were employed at that facility. He also alleges that several attorneys and a judge retaliated against plaintiff while he pursued a prior federal action. Plaintiff's complaint also contains allegations against approximately 14 defendants who were employed at Pelican Bay State Prison ("PBSP"), which is in this district. Plaintiff alleges that the PBSP defendants violated his rights after he was transferred to that facility on August 30, 2016.

Plaintiff's complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1179-80. Plaintiff has also presented many unrelated claims. The original complaint was dismissed with leave to amend to focus on the events that occurred at PBSP. Plaintiff was informed that the allegations that occurred during plaintiff's incarceration at Kern Valley State Prison and elsewhere were dismissed from this action without prejudice. Plaintiff could file a case or cases concerning these events in the district or districts where they occurred.

Plaintiff has not followed the court's instructions and has instead filed an amended complaint that is nearly identical to the original complaint. Plaintiff argues he can proceed with this action because he has raised a RICO claim against all 58 defendants. To state a civil RICO claim, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property. *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)).

To demonstrate injury for RICO purposes, plaintiff must show proof of concrete financial loss, and not mere injury to a valuable intangible property interest. Personal injuries are not compensable under RICO. *Id.* Plaintiff also must satisfy the RICO causation element by demonstrating that the defendants' conduct directly and proximately caused the alleged injury. *Id.* at 825. Civil rights violations and injury to reputation do not fall within the statutory definition of "racketeering activity" and fail to state a RICO claim. *See Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997).

In pleading a RICO violation, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face . . . and [the facts] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. Plaintiff's vague and conclusory allegations are insufficient to meet all elements of a RICO claim.

The amended complaint is dismissed with leave to amend. The claims and defendants regarding Kern Valley State Prison and conduct that occurred in other districts are dismissed from this action. Plaintiff may file cases related to those events in the districts where they occurred. If plaintiff files a second amended complaint in this court he must focus on events that occurred in this district at PBSP.

Plaintiff also states that he did not exhaust his inmate appeals because no remedy was available for a multi-district racketeering claim. However, the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Plaintiff must address his failure to exhaust in a second amended complaint and specifically allege whether he exhausted any of the claims that arose from PBSP.

**CONCLUSION**

1. The motion for an extension (Docket No. 6) and the motion to amend (Docket No. 7) are **GRANTED** and the court has reviewed the amended complaint which is deemed timely filed.

2. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed no later than **May 1, 2017**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint may result in dismissal of this case.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed

5

1  "Notice of Change of Address," and must comply with the court's orders in a timely
2  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
3  pursuant to Federal Rule of Civil Procedure 41(b).
4      **IT IS SO ORDERED.**
5  Dated: March 31, 2017

        PHYLLIS J. HAMILTON
        United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_06805_Rhodes_v_Ohta_(PSP)\16-cv-06805-PJH-dwlta2.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAVIN MAURICE RHODES,

    Plaintiff,

  v.

SAM OHTA, et al.,

    Defendants.

Case No. 16-cv-06805-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 31, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kavin Maurice Rhodes ID: D-20245
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7000

Dated: March 31, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON