UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVIN MAURICE RHODES,<br>Plaintiff,<br>v.<br>SAM OHTA, et al.,<br>Defendants. | Case No. 16-cv-06805-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 10, 13, 14 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The first amended complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint (Docket No. 15).

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff presents many allegations of mistreatment and violations of his rights by correctional officers, prison officials and attorneys at two prisons over the course of several years

Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief...." Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir.1991)). *Accord Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir.1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

2

Moreover, "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).

The second amended complaint is 47 hand written pages and names approximately 59 defendants. Plaintiff presents allegations concerning events at two different prisons over the course of several years. He also names as defendants several attorneys, including two deputy attorney generals who litigated his previous cases and a superior court judge. Plaintiff alleges that all defendants are engaged in a multi-district racketeering conspiracy to retaliate against plaintiff for the filing of a prior federal civil rights lawsuit. He also raises many other claims and violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act.

The majority of plaintiff's allegations concern conduct that occurred at Kern Valley State Prison, which lies in the Eastern District of California. Plaintiff presents allegations that occurred between February 1, 2014 and August 30, 2016 at Kern Valley State Prison that were committed by more than 30 defendants who were employed at that facility. He also alleges that several attorneys and a judge retaliated against plaintiff while he pursued a prior federal action. Plaintiff's complaint also contains allegations against approximately 14 defendants who were employed at Pelican Bay State Prison ("PBSP"), which is in this district. Plaintiff alleges that the PBSP defendants violated his rights after he was transferred to that facility on August 30, 2016.

Plaintiff's complaint in this action illustrates the "unfair burdens" imposed by complaints, "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1179-

3

80. Plaintiff has also presented many unrelated claims. The amended complaint was dismissed with leave to amend to focus on the events that occurred at PBSP. Plaintiff was informed that the allegations that occurred during plaintiff's incarceration at Kern Valley State Prison and elsewhere were dismissed from this action without prejudice. Plaintiff could file a case or cases concerning these events in the district or districts where they occurred. Plaintiff was also informed that his RICO claim was dismissed from this action and he should only discuss the claims against the PBSP defendants.

Plaintiff has not followed the court's instructions and has instead filed a second amended complaint that is nearly identical to the amended complaint. The RICO claims and claims against defendants in other districts are dismissed without leave to amend for the same reasons as set forth before.

Plaintiff will be provided one final opportunity to present his claims against the PBSP defendants. He may not include defendants and claims from the other districts that have been dismissed without leave to amend. If he does include lengthy allegations concerning these defendants and claims, then the entire action will be dismissed regardless if there are cognizable claims against the PBSP defendants. *See McHenry* at 1179. Plaintiff is also informed that he must include all of the allegations in this case in one filing and not in multiple motions and complaints. Plaintiff must also address if he exhausted the claims regarding the PBSP defendants because he previously stated that certain claims were not exhausted.

**CONCLUSION**

1. The motions to amend (Docket Nos. 10, 13, 14) are **GRANTED** and the court has reviewed the second amended complaint.

2. The second amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The third amended complaint must be filed no later than **July 5, 2017**, and must include the caption and civil case number used in this order and the words THIRD AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include

4

in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference. Failure to file an amended complaint may result in dismissal of this case.

    3.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

**IT IS SO ORDERED.**

Dated: June 5, 2017

PHYLLIS J. HAMILTON
United States District Judge

\\candoak.cand.circ9.dcn\data\users\PJHALL\_psp\2016\2016_06805_Rhodes_v_Ohta_(PSP)\16-cv-06805-PJH-dwlta3.docx

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAVIN MAURICE RHODES,

    Plaintiff,

v.

SAM OHTA, et al.,

    Defendants.

Case No. 16-cv-06805-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 5, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kavin Maurice Rhodes ID: D-20245
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532-7000

Dated: June 5, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON